M. Minami & Co., Inc. *v.* United States [1]

United States Customs Court, Second Division

(Decided December 28, 1938)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for
the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott*, special
attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising
at the port of Los Angeles brought to recover certain customs duties
alleged to have been improperly exacted on a particular importation
invoiced as "Chip Red roping Wreaths." The collector found that
the component material of chief value was metal and assessed duty
upon the articles at the rate of 45 per centum ad valorem under
paragraph 397 of the Tariff Act of 1930 as manufactures of metal
not specially provided for. It is claimed that said articles are properly
dutiable at but 35 per centum ad valorem under paragraph 353 of
said act, the pertinent portions of which read as follows:

PAR. 353. All articles suitable for producing, rectifying, modifying, control-
ling, or distributing electrical energy;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

articles having as an essential feature an electrical element or device　\*　\*　\*;
all the foregoing, and parts thereof, finished or unfinished, wholly or in
chief value of metal, and not specially provided for　\*　\*　\*.

A representative sample of the merchandise was admitted in evi-
dence as Illustrative Exhibit A. It consists of a red chip wreath
containing a metal socket designed to hold an incandescent lamp and
the usual cord and plug ordinarily used in such an article. In addition
to the illustrative exhibit, the plaintiff offered in evidence the testi-
mony of a single witness. No evidence was offered by the Government.

The plaintiff's witness, George R. Gulick, United States examiner
of merchandise at the port of Los Angeles, testified that he passed the
merchandise in question; that Illustrative Exhibit A was a representa-
tive sample of said merchandise; that he had used similar articles in
his own home and had seen them hanging on doors of residences at
Christmas time; and that it is plugged into an electric socket.

Upon this record counsel for the Government calls attention to the
fact that the appraiser in his report states that the merchandise in
dispute is similar in nature to floor lamps which were the subject of the
case of *A. N. Khouri & Bro.* v. *United States*, Abstract 24294, in which
the importers claimed that said lamps were properly classifiable under
said paragraph 353. Such claim was overruled by this court and its

decision affirmed by the appellate court in *A. N. Khouri & Bro.* v. *United States*, 22 C. C. P. A. 28, T. D. 47037. It is observed, however, that said floor lamps in their imported condition were not equipped with wire, switches, plugs, or sockets for electric lighting.

We are of the opinion that the imported merchandise is at least a part of an article having as an essential feature an electrical element or device, within the contemplation of said paragraph 353, to wit, the wiring, socket, and plug, and ultimately the incandescent lamp which will complete the whole.

We therefore hold that our decision in the case of *German American Import Co.* v. *United States*, T. D. 46488, 63 Treas. Dec. 1130, is here controlling. In that case we held certain Christmas-tree lighting sets to be properly dutiable under said paragraph 353. That claim of the plaintiff is therefore sustained, but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.