501

BEFORE THE FIRST DIVISION, DECEMBER 13, 1939 .

No. 42836.—Petition 5837–R of Eugene Kahn (Cincinnati).

Opinion by BROWN, J. When notified that the machine which arrived was a new one the importer examined it and found that it was a smaller one than the old one he was expecting. From the evidence it was found that there was no intention on the part of the importer to deceive or defraud. The petition was therefore granted.

BEFORE THE SECOND DIVISION, DECEMBER 13, 1939

No. 42837.—Protest 5736–K of Mason Bros. & Tarlin (Boston).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of Christmas wreaths electrically constructed the same as those passed upon in Minami v. United States (1 Cust. Ct. 307, C. D. 72). The claim at 35 percent under paragraph 353 was therefore sustained.

No. 42838.—Protest 977721–G of N. Y. Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the paperweights in question are similar to those the subject of Woolworth v. United States (26 C. C. P. A. 221, C. A. D. 20) and the banks are similar to the merchandise passed upon in Abstract 38680. The claim at 40 percent under paragraph 339 was therefore sustained.

No. 42839.—Protest 969025–G of Greenberg & Josefsberg (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of thermometers chiefly used in the household. The claim at 40 percent under paragraph 339 was therefore sustained.

No. 42840.—Protests 966944–G, etc., of N. Y. Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of marcel irons and calendars chiefly used in the household. The claim at 40 percent under paragraph 339 was therefore sustained. Abstracts 38680 and 40681 cited.