**No. 42960.**—Protest 936273–G of N. Y. Merchandise Co., Inc. (New York).

Opinion by TILSON, J.   In accordance with stipulation of counsel and on the authority of *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770) the rubber balls in question were held dutiable at 30 percent under paragraph 1502 as claimed.

**No. 42961.**—Protest 937124–G of New York Merchandise Co., Inc. (New York).

Opinion by TILSON, J.   It was stipulated that the merchandise consists of three tube horns similar to those the subject of Abstract 40185.   The claim at 45 percent under paragraph 397 was therefore sustained.

**No. 42962.**—Protest 938831–G of Langfelder, Homma & Hayward, Inc. (New York).

Opinion by TILSON, J.   It was stipulated that the merchandise consists of tambourines or so-called noisemakers in chief value of paper similar to those the subject of *Dessart* v. *United States* (T. D. 45169) and Abstract 36935.   The claim at 35 percent under paragraph 1413 was therefore sustained.

**No. 42963.**—Protests 968652–G, etc., of Samuel Barotz & Co., Inc., et al. (New York).

Opinion by TILSON, J.   It was agreed that the merchandise consists of imitation pearl bead caps similar to those the subject of *Cohn* v. *United States* (2 Cust. Ct. 380, C. D. 161).   The claim at 60 percent under paragraph 218 (f) as glass articles was sustained.

BEFORE THE SECOND DIVISION, JANUARY 5, 1940

**No. 42964.**—Protests 965813–G, etc., of Biddle Purchasing Co. et al. (Seattle).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of chip electric wreaths similar to those the subject of *Minami* v. *United States* (1 Cust. Ct. 307, C. D. 72).   The claim at 35 percent under paragraph 353 was therefore sustained.

**No. 42965.**—Petition 5532–R of Sears, Roebuck & Co. (Memphis).

Opinion by DALLINGER, J.   It appeared that the party who made the entry unintentionally failed to follow instructions and through inadvertence deducted certain items.   Being satisfied of the good faith of the importer and that the entry was without any intention to defraud the revenue of the United States, the court granted the petition.