BEFORE THE SECOND DIVISION, SEPTEMBER 16, 1942

**No. 47550.**—Petition 6189-R of August Giese & Son (New York).

Opinion by TILSON, J.   At the trial the only witness was the proprietor of the petitioning firm.   The penalty was occasioned by the deduction of a 25 percent discount by the importer and which the appraiser added back to the entered value to make market value.   It appeared that since approximately 1891 the petitioners herein have been importing this identical merchandise; that it had been the practice of the petitioners to furnish the appraiser with a copy of the price list they had received from the exporter; that it had also been the practice of the petitioners to deduct 25 percent from the price shown on said price list; and that in making their entry this entered value had always been accepted. Shortly prior to the present importation, the witness visited the country of exportation and in examining the books of the exporter found that the discount of 25 percent had also been allowed others when purchases were made in the usual wholesale quantities and in the ordinary course of trade.   From the record it was found there was nothing that even remotely suggested bad faith on the part of the petitioners.   The petition was therefore granted.

**No. 47551.**—Protests 814680–G, etc., of Geo. H. Maus, Inc., et al.   (New York).

Opinion by KINCHELOE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47552.**—Protest 54821–K of Schear & Schrader (San Francisco).

Opinion by DALLINGER, J.   It was stipulated that the Christmas wreaths in question are the same in all material respects as those the subject of United States v. Minami (29 C. C. P. A. 169, C. A. D. 188).   In accordance therewith the claim at 35 percent under paragraph 353 was sustained.

**No. 47553.**—Protest 923027–G/87082 of Oscar Leistner, Inc. (Chicago).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Minami v. United States (1 Cust. Ct. 307, C. D. 72) the wreaths in question were held dutiable at 35 percent under paragraph 353 as articles having as an essential feature an electrical element or device, such as signs.   The protest was therefore sustained as to that claim.